IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Filed at 10:31 AM
9/12 20 13
Deputy Clerk, U.S. District Court
Middle District of Georgia

UNITED STATES OF AMERICA :
: DOCKET NO. 5:13-CR-46 (MTT)
VS. :
:
SALLY STEPHENS WEAVER :

PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and SALLY STEPHENS WEAVER, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the Indictment against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant her understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant

SW

understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.



This is the standard plea agreement, and no changes have been made.



(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges defendant with Theft of Government Property, in violation of Title 18, United States Code, Section 641.

(B) That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a maximum sentence of ten (10) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of three (3) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00.

(C) The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the



This is the standard plea agreement, and no changes have been made.



Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D) The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Defendant understands, and has fully discussed with defendant's



This is the standard plea agreement, and no changes have been made.



attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay $19,770.30 in restitution ordered by the Court to the identifiable victims referenced in the Indictment.

(H) The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or any other court review of defendant's sentence, and the defendant's waiver includes any collateral attack on the District Court's sentence. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then the defendant shall retain the right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's opportunity to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney notices an appeal of the defendant's sentence, then the defendant shall have the right to cross-appeal from the sentence.



This is the standard plea agreement, and no changes have been made.



(I) The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant.

(B) If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range. But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement,



This is the standard plea agreement, and no changes have been made.



giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the







defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

The victim, herein after RS, is a disabled veteran that receives SSA Title II Disability Benefits from the federal government. RS suffered a debilitating stroke and has been a resident at the Georgia War Veterans Home (GWVH) since November 27, 2002. The GWVH is located in the city of Milledgeville, which is in the Middle District of Georgia. From June 15, 2008 through October 13, 2010, the defendant, who is also the sister and representative payee for RS, used RS's benefits for other family members and her own personal expenses. As payee, the defendant was supposed to pay all of her RS's medical and incidental expenses with the funds provided to her from the SSA. Each year the defendant filled out a Representative Payee Report, which detailed the amount of money she received and how it was spent. In those reports, the defendant stated she received and spent thousands of dollars for clothing, education, medical and dental expenses, recreation, or personal items as payee. However, when questioned by investigators about the expenditures, the defendant could not produce receipts for any of the expenses. In addition, RS has been in a vegetative state since his admission to GWVH. He wears only hospital gowns and does not have educational needs. Records from GWVH indicate that room and board were free to RS because of his prior military service. Investigators also located a bank







account held by Sally Weaver for RS at Century Bank. The account statements show deposits from the United States Department of Treasury for social security disability paid to the defendant for RS. These records reveal that from June 15, 2008 to October 26, 2010, the defendant wrote approximately 578 checks. The majority of the checks were written by the defendant to herself as "cash." Other checks were written by the defendant to grocery stores, convenience stores, insurance companies, tax office, and other family members. Only 14 of those checks appear to be written for RS's bills at GWVH or Tri County Ambulance. Furthermore, GWVH provided statements from RS' resident trust fund account showing the following deposits by the defendant for RS's care: in 2008, two deposits totaling $45.00; in 2009, one deposit for $25.00; and in 2010, two deposits for $125.00. The only withdrawals from the account made by GWVH were for RS's haircuts. The ending balance of the trust account in August 2010 was $91.14. Since June 2008, the defendant has received $22,442.00 as representative payee. The fourteen checks written for RS's expenses total $2,601.70. The amount the defendant deposited into her brother's trust account at GWVH is $195.00; however, this includes two checks that were written from the bank account where the SSA benefits were deposited. The total amount of SSA benefits spent on RS appears to be $2,671.70. The amount of federal funds the defendant expended for her own use or the use of others is approximately



This is the standard plea agreement, and no changes have been made.



$19,770.30, in violation of Title 18, United States Code, Section 641.

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 12th day of September, 2013.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY: ______________________________
AUSA SONJA B. PROFIT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NUMBER 588542



This is the standard plea agreement, and no changes have been made.

____
____

I, SALLY STEPHENS WEAVER, have read this agreement and had this agreement read to me by my attorney, JOHN FOX. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

SALLY STEPHENS WEAVER
DEFENDANT

I, JOHN FOX, attorney for defendant SALLY STEPHENS WEAVER, have explained the Indictment and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

JOHN FOX
ATTORNEY FOR DEFENDANT



This is the standard plea agreement, and no changes have been made.